**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANG CAO, | No. 19-70549 |
| Petitioner, | Agency No. A087-874-281 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021[**]

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Yang Cao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the adverse credibility determination based on inconsistencies between Cao's testimony and the documentary evidence concerning her parents' place of residence, Cao's employment, and the length of her detention; and based on Cao's demeanor. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (IJ made "explicit reference to particular unrecorded aspects of demeanor" which is sufficient to provide "specific examples" of demeanor as required). Cao's contentions that she was denied an opportunity to explain any discrepancies fail, *see Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (opportunity to explain may be provided through direct examination), and her explanations do not compel a contrary conclusion, *see Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (IJ not required to accept explanations for inconsistencies). Substantial evidence also supports the finding that Cao did not present corroborative evidence that would otherwise establish her eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014)

(petitioner's documentary evidence was insufficient to independently support claim).

In the absence of credible testimony, in this case, Cao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of Cao's CAT claim because it was based on the same evidence found not credible, and Cao does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

In light of this disposition, we do not reach Cao's remaining contentions regarding the merits of her asylum, withholding of removal, and CAT claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**